IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| RAYMOND SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-1282-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's claim for supplemental security income disability benefits.

This case is before the court for a second time as the Commissioner previously conceded improper rejection of medical opinion. Upon remand to the agency, the Commissioner again concedes significant error as to rejection of medical opinion. The

1 - ORDER

Commissioner again seeks a remand for further proceedings.

The court agrees with plaintiff that another remand for additional proceedings regarding whether plaintiff is disabled will serve no useful purpose. Among those opinions improperly rejected by the ALJ is the opinion of Dr. Caleb Burns that plaintiff is not employable in any work setting for the next twelve months and that if he is placed in a competitive work setting, his risk of suicide will grow to unacceptably high levels and he will be unable to adhere to even basic work requirements. Tr. 493.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989). The improperly rejected medical opinions establish plaintiff's disability. Therefore, the record is complete and no further proceedings are necessary. Accordingly, the Commissioner's

2 - ORDER

motion to remand for further proceedings is denied.


<u>CONCLUSION</u>

For the reasons stated above, the Commissioner's motion to remand for further proceedings (#24) is denied. Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for an award of benefits.


DATED this __7th__ day of __August_____, 2008.

_____s/ Michael R. Hogan_____
                    UNITED STATES DISTRICT JUDGE


3 - ORDER